# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30191
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 19, 2019

Lyle W. Cayce
Clerk

PEGGY JEAN CLARK,

      Plaintiff - Appellant

v.

DEPARTMENT OF THE ARMY, United States Army Human Resources Command; UNIDENTIFIED PARTIES; MARK T. ESPER, Secretary of the Army,

      Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:17-CV-7757

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:*

Peggy Jean Clark challenges the Department of the Army's decision to terminate her benefits as a former spouse of Ronald Williams, who served in the military for 16 years before retiring under a voluntary early retirement program. The statutory scheme governing the provision of benefits to current

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30191

and former servicemembers and their dependents provides that certain unremarried former spouses shall receive benefits "to the same extent and on the same basis as the surviving spouse of a retired member of the uniformed services."[1] An unremarried former spouse qualifies for benefits if the person was married to the servicemember for at least 20 years, the former servicemember performed at least 20 years of military service, and the overlap of the marriage and the military service is at least 20 years ("the 20/20/20 rule").[2]

Clark and Williams married on September 24, 1977 and Williams entered active-duty status in the Army four days later. On March 31, 1994, Williams retired from the Army under a voluntary early retirement program ("TERA") which allowed servicemembers to retire up to five years before the completion of a 20-year period of service.[3] The couple divorced in 2006, after 27 years of marriage. In November 2007, Clark received a Department of Defense Identification Card under the 20/20/20 rule, which the Army now claims was in error (because Williams retired before completing 20 years of service). In 2015, Clark contacted the Army's Human Resources Command to verify her information and in the course of those exchanges, the Army determined that her DoD ID card had been issued in error. In 2017, the U.S. Army Project Office terminated the DoD ID card with a retroactive effective date of December 9, 2015.

The district court granted the Army's motion for summary judgment, determining on review of the administrative record that the Army's decision to revoke the DoD ID card was not arbitrary, capricious, or otherwise not in accordance with the law. On appeal, Clark's main contention is that the district

---

[1] 10 U.S.C. § 1062.
[2] 10 U.S.C. § 1072(F).
[3] Pub. L. No. 102–484, § 4403, 106 Stat. 2315 (1993).

## No. 19-30191

court failed to apply the text of TERA—which directs that the Secretary of the Army may substitute "at least 15" for "at least 20" in certain enumerated statutes. As the district court correctly held, Clark offers no support for the extension of that directive—beyond the enumerated instances in TERA—to the statute establishing the 20/20/20 rule. Accordingly, we affirm for essentially the reasons given by the district court.